ed in the demanding state was sufficiently shown.

 Under the executive warrant of the Governor of this State, the requisition and accompanying papers, and the evidence, the trial court was authorized to conclude as he did, and remand appellant for extradition. Delgado v. State, 158 Tex.Cr.R. 52, 252 S. W.2d 935.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

**Charlie BIGGS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 27880.**

Court of Criminal Appeals of Texas.

Nov. 30, 1955.

No appearance for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Appellant was convicted as a second offender for a violation of the liquor law in Lubbock County, and his punishment was assessed at a fine of $200 and confinement in the county jail for a period of 30 days.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review.

The judgment is affirmed.

**Hardy Luednure BROWN**

**v.**

**STATE.**

**No. 27942.**

Court of Criminal Appeals of Texas.

Jan. 11, 1956.

E. Colley Sullivan, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., and Charles S. Potts, Asst. Criminal Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Procuring is the offense; the punishment, seven months in jail and a fine of $250.

Appellant has now filed his personal affidavit requesting the dismissal of the appeal. The request is granted.

The appeal is dismissed.